IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-35-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KEITH RAMONE MELVIN, | ) | |
| | ) | |
| Defendant. | ) | |

On November 22, 2016, Keith Ramone Melvin ("Melvin") filed a pro se motion for a certificate of innocence under 28 U.S.C. § 2513. See [D.E. 64]. Section 2513(a) provides:

(a) Any person suing under section 1495 of this title must allege and prove that:

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a). Although this court vacated Melvin's federal conviction for being a felon in possession of a firearm due to an intervening change in federal law [D.E. 58], Melvin has failed to allege and prove that "[h]e did not commit any of the acts charged or his acts . . . in connection with such charge constituted no offense against . . . any State." 28 U.S.C. § 2513(a)(2). The record demonstrates that Melvin's act of possessing a firearm on April 14, 2006, constitutes an offense against the state of North Carolina. See United States v. Mills, 773 F.3d 563, 566–69 (4th Cir. 2014); Presentence Investigation Report ¶¶ 1–6, 8, 13, 18. Specifically, Melvin possessed a firearm



after being convicted of state felonies. See Mills, 773 F.3d at 567–69. As such, he violated North Carolina law. Id. Thus, Melvin is not entitled to relief under 28 U.S.C. § 2513.

In sum, Melvin's motion [D.E. 64] is DENIED.

SO ORDERED. This 18 day of May 2017.

JAMES C. DEVER III
Chief United States District Judge

2